THE BONNIE FRUIT CO. v. DÁVILA ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 33.—Resuelto en Noviembre 5, 1904.

CONOCIMIENTO JUDICIAL—AUSENCIA DE UN JUEZ.—La ausencia de un Juez de la Isla no es materia del conocimiento de los Tribunales, que deban éstos tomar en consideración judicialmente, sin que se hubiera aducido prueba alguna sobre el particular.

JURISDICCIÓN—PROCEDIMIENTOS.—Cuando un Tribunal ejerce funciones judiciales que no estuvieren comprendidas dentro de los límites de su jurisdicción ordinaria, sino de una extraordinaria, la regularidad de sus procedimientos no es materia de presunción, ni lo es tampoco el ejercicio de la jurisdicción extraordinaria.

ID.—Cuando en un caso se hubiere alegado una causa determinada como justificativa de la jurisdicción del Tribunal en dicho caso, no se presumirá que existan otras causas distintas que justifiquen dicha jurisdicción.

ID.—INJUNCTIÓN—FACULTADES DE LOS JUECES DE DISTRITO.—Las disposiciones de la sección 2 de la Ley de *Injunction* de Marzo 1, 1902, tuvieron por objeto conceder facultades á los Jueces de las Cortes, á diferencia de las que tuvieran las Cortes mismas, para expedir mandamientos de *Injunction* preliminar, pero no confieren autorización alguna al Juez de un Distrito para actuar en otro Distrito.

ID.—Es muy dudoso si con arreglo á las disposiciones del art. 22 del Código de Enjuiciamiento Civil, un Juez tiene facultades para actuar en substitución de otro, sin que se hubieren cumplido previamente las formalidades que determina el art. 21 del mismo Código, ó las del art. 2 de la Ley de Marzo 10, 1904, reorganizando la Judicatura de Puerto Rico.

ID.—PROCEDIMIENTOS—MOCIONES.—Todas las mociones que se presenten en relación con un caso determinado deben hacerse á la Corte en que estuviere pendiente la actuación.

ID.—INCIDENTES.—Una solicitud de *Injunction* tendente á impedir que la parte contra la cual se solicita lleve adelante determinados procedimientos pendientes ante una Corte, tiene el carácter de *incidente* del pleito principal.

ID.—Las órdenes que según el art. 316 del Código de Enjuiciamiento Civil pueden ser dictadas por el Juez de una Corte en cualquier parte de la Isla, son órdenes referentes á casos pendientes ante su misma Corte, habiéndosele concedido tal facultad para los casos en que se encontrare ausente temporalmente de su Distrito.

ID.—Cualesquiera que fueran las facultades que un Juez de Distrito tuviera para actuar en un caso pendiente ante la Corte de otro Distrito, nunca podrían ser tales que permitieran que dos cortes distintas estuvieren conociendo á la vez del mismo procedimiento y dictando cada una, á un mismo tiempo, sentencias y resoluciones en relación con el mismo caso.

ID.—PROCEDIMIENTO—ACTUACIONES JUDICIALES—NOTIFICACIÓN IMPLÍCITA.—Todos los procedimientos seguidos en relación con un caso determinado, deben ser registrados y autorizados por el Secretario de la propia Corte en que tal caso estuviere pendiente, pues á los efectos del principio que regula la *notificación implícita* de las actuaciones judiciales es necesario que el lugar en que éstas hayan de ocurrir, y en que hayan de dictarse las sentencias y resoluciones en cada caso, sea fijo y determinado.

Los hechos están expresados en la Opinión.

Abogado del apelante: *Sr. Díaz Navarro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal..

La "Bonnie Fruit Company" ha entablado una demanda ante la Corte de Distrito de Arecibo, contra Dolores Dávila Santana, viuda de Córdova, y sus siete hijos, menores de edad, para el objeto que se expresa en dicha demanda, de cancelar una hipoteca debidamente inscrita, en cuya virtud los demandados reclamaron un derecho de venta por conducto del citado Tribunal. La demanda procede á describir la finca hipotecada, hallándose ésta situada en el barrio de Tetuan, del Distrito Municipal de Utuado. La finca fué hipotecada originalmente por José Toribio Sandin Blanco, en 23 de Febrero de 1893, por la suma de seis mil dollars, siendo pagadera la deuda hipotecaria en dos plazos iguales, uno de los cuales había de vencer en primero de Marzo de 1898, y el otro, en primero de Marzo de 1899; y, además, quinientos dollars por costas, en caso de litigio. El día 8 de Octubre de 1902, los demandados adquirieron el crédito representado

por el plazo de la deuda, vencido en primero de Marzo de 1898, encontrándose el otro plazo todavía en poder del hipotecario, Humberto Joseph Orval Jacob. En 7 de Junio de 1902, el hipotecario promovió un procedimiento sumarísimo ante la Corte Federal, y en la subsiguiente subasta pública, se vendió la finca citada en quinientos dollars, á Manuel García, quien á su vez, la vendió a la "Bonnie Fruit Company", por la suma de mil dollars: verificándose esta última venta el día 8 de Junio de 1903, y siendo debidamente inscrita en el Registro de la Propiedad.

Se alega también en la demanda que, debido á un olvido involuntario, no se canceló la hipoteca, asegurándose además, que puesto que el montante de la venta no era suficiente para cubrir toda la deuda hipotecaria, la hipoteca, con arreglo á la ley, debería haber sido cancelada por la Corte Federal; y que los demandados, valiéndose del olvido del demandante, ahora tratan de conseguir que se venda la finca con forme al procedimiento sumarísimo dé la Ley Hipotecaria. Los demandados son todos vecinos de la ciudad de Utuado. En dos de Agosto último, una solicitud pidiendo un mandamiento de *injunction,* y titulada "En la Corte de Distrito de San Juan", fué presentada á dicho Tribunal. En la citada solicitud se expresó que el día anterior se había presentado ante el Tribunal de Distrito de Arecibo, una demanda de la cual se acompañó copia que formaba parte de dicha solicitud. Después de haber repetido algunos de los hechos consignados en la demanda, y de haber alegado que el demandante sufriría grandes daños y perjuicios si la finca fuese vendida con arreglo al procedimiento sumarísimo, se suplicó en la solicitud, que el Tribunal expidiese un mandamiento de *injunction* para impedir que los demandados continuasen el procedimiento sumarísimo incoado en el Tribunal de Distrito de Arecibo.

No se alega en la solicitud ninguna razón que haya motivado su presentación ante la Corte de Distrito de San Juan.

Pero los autos contienen la decisión del Tribunal de Distrito de San Juan desestimando el *injunction,* y de dicha decisión aparece que el Tribunal se consideró competente para seguir la causa, por la razón de que era un hecho público el que el Tribunal de Distrito de Arecibo se hallaba en vacaciones en esa época.

En 14 de Octubre el Letrado defensor del apelante pronunció ante este Tribunal su informe oral, en la citada causa; pero el Tribunal, deseoso de oir más alegaciones con respecto á la competencia del Tribunal de Distrito de San Juan para tomar en consideración la solicitud, y respecto á otros puntos, ordenó nuevo informe oral para el 22 del mismo mes; y de acuerdo con esta orden, se hizo un nuevo informe oral sobre el caso. El abogado del apelante entonces sostuvo que el Juez del Tribunal de Distrito de San Juan era competente: 1. En virtud de las disposiciones del segundo párrafo de la sección 22 del Código de Enjuiciamiento Civil: 2. En virtud de las disposiciones de la sección segunda de la ley de *Injunctions* de Marzo 1 de 1902: 3. Si no nos equivocamos—porque si no prevalecía ninguna de estas disposiciones, ó al menos las de la sección 22—no había limitación del derecho del suplicante, bajo las exigencias del caso, de solicitar un mandamiento de *injunction* del Juez de otro Tribunal de Distrito, no obstante el hecho de que en otra fase de su informe oral, el Letrado defensor sostuvo que en un caso como el pendiente ante este Tribunal, un mandamiento de *injunction* era un mero incidente de la demanda principal.

Aunque es cierto que el Tribunal de Distrito de Arecibo se hallaba en vacaciones, sin embargo, como las secciones 22, 27, 316 y 318 del Código de Enjuiciamiento Civil, conceden al Juez de una Corte amplias facultades para dictar providencias ex parte fuera del Tribunal, el motivo para dirijirse al Tribunal de Distrito de San Juan, no es evidente. Sin embargo, el Letrado defensor sostuvo además, apareciendo así por primera vez en este Tribunal, que era un hecho

público el que el Juez del Tribunal de Distrito de Arecibo se hallaba ausente de la Isla.

Los asuntos de que un Tribunal tomará conocimiento judicialmente, están bien expresados en el tomo 12 de la "American and English Encyclopedia of Law," página 151: y por los principios allí consignados, es evidente que la ausencia de un Juez no es materia de conocimiento judicial. No es un hecho histórico el que un Juez temporalmente se ausente de la Isla, ni es un acto judicial, y ningún otro Tribunal puede tomar conocimiento de tal ausencia sin que se presente alguna prueba ó demostración de tal hecho, siquera sea lijera. No surge la presunción de regularidad cuando un Tribunal ejerce una jurisdicción extraordinaria. Ni tampoco se presumirá, cuando se haya señalado un motivo de competencia, que existan otros. En tal sentido es la decisión del Tribunal Supremo de los Estados Unidos en la causa de *Galpin* v. *Page,* 18 Wallace 350; y otras autoridades han establecido el mismo principio de interpretción.—*Bailey on Jurisdiction,* Sections 112—114.; Am. & Eng. Enc. of Law, Vol. 12 p. 276.

Consideremos ahora las tres principales alegaciones del Letrado defensor por su órden inverso. Nosotros creemos que aparece claramente de la sección 23 de la Ley Orgánica, que las Cortes de Distrito de Puerto Rico no pueden atribuirse facultades ó jurisdicción que no les hayan sido expresamente conferidas. Que no se presumirá una jurisdicción extraordinaria, aparece del caso de *Galpin* v. *Page, supra,* y de las otras autoridades citadas. Además, el caso de *Wallace* v. *Helena Electric Ry. Co.* 10 Montana p. 24, demuestra que la jurisdicción de los Tribunales ha de ser interpretada de modo muy estricto.

Con respecto á las disposiciones de la sección 2ª. de la Ley de primero de Marzo de 1902, creemos que aparece claramente de la lectura de dicha sección que la intención fué simplemente de dar á cualquier Juez de Corte, con independencia de ella, autoridad para dictar un mandamiento de

*injunction* preliminar, y que dicha sección no confiere á un Juez autoridad para dictar un mandamiento en un Distrito donde de otra manera no tuviera tal autoridad.   Esto resulta aún más evidente cuando se tiene presente que en la época de la adopción de dicha Ley, había tres Jueces en un 'Tribunal de Distrito.   La Legislatura no tuvo la intención de conferir al Juez de un Distrito la facultad de funcionar en otro, en donde tres Jueces ya tenían tal facultad, especialmente cuando había otras leyes en vigor, definiendo la jurisdicción territorial de los Tribunales de Distrito.   La Ley de 10 de Marzo de 1904, disminuyendo el número de Jueces, no puede, mediante interpretación, entenderse que amplia sus facultades en este respecto.

Pasemos ahora á considerar la sección 22 del Código de Enjuiciamiento Civil.   Abrigamos grandes dudas sobre si con arreglo á esta sección, un juez podría funcionar en lugar de otro, sin las formalidades prévias que exigen las disposiciones de la sección 21 del Código, ó las de la sección 2ª. de la Ley de 10 de Marzo de 1904, que reorganizó la Judicatura de Puerto Rico.   Hay que observar, de paso, que esta ley empezó á regir doce horas después del Código de Enjuiciamiento Civil, y que se la debe considerar como la última expresión de la voluntad legislativa, en el caso de que surgiere alguna contradicción.

La sección 22 del Código de Enjuiciamiento Civil dispone lo siguiente:

"Art. 22.—Los Jueces de Distrito pueden dictar en sus despachos las providencias y autos que generalmente se dicten en primera instancia, á petición *ex parte*, y pueden también oir y resolver sobre tales autos y mociones para que se conceda nuevo juicio, y juzgar y resolver sobre autos de revisión, de *mandamus* y prohibitorios, pudiendo también oir las solicitudes que se hicieren para la ejecución de tales autos y providencias.

En cáso de vacante del cargo de algún Juez de Distrito, ó de su ausencia de la isla, las mociones podrán presentarse ánte cualquier otro Juez de Distrito, quién deberá resolverlas."

Suponiendo que una solicitud en que se pide un mandamiento de *injunction,* sea una moción, sin embargo, la sección 316 del Código dispone que las mociones deben presentarse en el Distrito en que se halle pendiente la demanda; y no se ha afirmado que se haya presentado moción alguna en el Tribunal de Distrito de Arecibo. Que la solicitud presentada ante la Corte de Distrito de San Juan, en que se pidió un mandamiento de *injunction,* era un incidente ó procedimiento colateral de la demanda principal, presentada en Arecibo, aparece de la misma solicitud aún cuando la Ley no estuviera en ese mismo sentido. Además, en un caso como el presente, una solicitud en que se pide un mandamiento de *injunction,* es necesariamente un asunto incidental al objeto principal de la demada.

Es verdad que la sección 316 dice que "las órdenes dictadas fuera del Tribunal, podrán dictarse por el Juez de un Tribunal en cualquiera parte de la isla", pero tales órdenes deben ser dictadas respondiendo á una moción presentada en el correspondiente Tribunal. Las palabras últimamente transcritas, pueden solamente considerarse como aplicables al Juez de determinado Tribunal, cuando dicho Juez se halle temporalmente ausente de su Tribunal, ó en vacaciones, por ejemplo. Cualquiera otra interpretación conduciría á manifiestos absurdos. No se pretendería, por ejemplo, que un Juez del Tribunal Supremo pudiera expedir un mandamiento, ordenando un nuevo juicio, para que surtiera efecto en el Tribunal de Distrito de Ponce. Esto resulta más evidente por referencia á la sección 27 que dispone:

"Art. 27.—Un Juez puede ejercer fuera de estrado todas las facultades que como tal le estén conferidas expresamente con independencia de las conferidas á la Corte."

Esto nos conduce á una consideración de lo que parece ser el defecto más grave de los procedimientos en el Tribunal de Distrito.

Aparece muy claramente de los autos, que la solicitud en que se pide el mandamiento de *injunction,* fué dirigida al Tribunal de Distrito de San Juan, y que la resolución denegando dicho mandamiento de *injunction,* fué dictada por el mismo Tribunal. Tanto la solicitud como la resolución, expresaban en su título la designación oficial de aquél Tribunal. La apelación se interpuso contra el Tribural de Distrito de San Juan, según consta del certificado del Secretario. El apelante entonces tenía su pleito principal en la Corte de Distrito de Arecibo y un procedimiento colateral en el Tribunal de Distrito de San Juan. Por mucho poder que tenga un Juez de Distrito, para dictar autos en procedimientos pendientes en otro Distrito, no conocemos ningún país, ni ningún sistema de jurisprudencia, en que dos Tribunales puedan tener simultáneamente jurisdicción sobre un mismo é idéntico procedimiento; ó en que se dicten sentencias ó mandamientos en una misma causa, en dos Tribunales distintos. El procedimiento en la Corte de Distrito de San Juan, contra el cúal se ha interpuesto esta apelación, fué anómalo.

Los procedimientos en un Tribunal de Distrito, ó los que á éste pertenezcan, han de inscribirse en un Registro, por el Secretario de dicho Tribunal, y los autos tienen que emanar de este último. Si así no fuera, en caso de vacante del cargo de algún Juez de Distrito ó de su ausencia de la Isla, ninguna persona interesada en un procedimiento, podría saber como estaba su asunto, y ningún abogado podría dirijir á un cliente, sin hacer averiguaciones en todos los Tribunales de Distrito. Las partes y el público deben saber á qué Tribunal han de dirijirse en cuanto á los procedimientos incoados en cualquier Tribunal. Si esa regla ha de tener algún valor, el sitio del cual han de proceder las providencias y fallos, debe ser fijo y determinado.

De estas consideraciones se sigue que el Tribunal de Distrito de San Juan no era competente para expedir ó denegar

un mandamiento de *injunction* en la causa de que se trata, y hay que ordenar á dicho Tribunal desestimar—por falta de jurisdicción—la solicitud de la "Bonnie Fruit Company", en que se pide el mandamiento de *injunction;* pero dejando en libertad á dicha Compañía, en vista de la sección 31 del Código de Enjuiciamiento Civil, para renovar su solicitud en el Tribunal de Distrito de Arecibo, ó para proceder en otra forma, según convenga á su derecho.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. MacLeary no formó Tribunal en la vista de este caso.